PRESIDENT, DIRECTORS AND COMPANY OF THE GRAFTON BANK *vs.* DWIGHT FOSTER & another.

An agreement between a mortgagor and mortgagee that a promissory note shall be substituted for notes of a larger amount already secured by the mortgage, and, if paid at maturity, shall be considered a payment and discharge *pro tanto* of those notes and the mortgage, and that the mortgage shall be held as collateral security for the new note, and not be discharged or cancelled until that is paid, does not create a trust in or lien upon the mortgaged property to secure its payment.

BILL IN EQUITY against the assignees in insolvency of Waterman A. Fisher. The bill alleged that Benjamin Wadsworth, having previously made promissory notes to the amount of $3300, payable to Fisher or order, and secured by thirty three mortgages of different parcels of real estate in this county, which were held by Fisher, and a large portion thereof overdue, which Wadsworth was unable to pay, on the 15th of April 1857, in order to enable Fisher to raise a sum of money on those notes and mortgages, agreed that Wadsworth should make a promissory note for $600, payable to Fisher's order in five months; " that Fisher might get the note discounted, and it should be substituted for the same amount of said notes secured by said mortgages, and that Wadsworth should pay said note at maturity to the holder thereof, and such payment should be considered a payment and discharge of said mortgages to the amount thereof, and said mortgages should be held as collateral security for said note for $600, and should not be discharged or cancelled until that was paid;" that pursuant to this agreement Wadsworth made a note, which Fisher indorsed to the plaintiffs, and which, notwithstanding due demand and notice, was still unpaid; that Wadsworth had taken the benefit of the insolvent laws and received a certificate of discharge; that Fisher also, in October 1857, applied for the benefit of the insolvent laws, and his estate was assigned to the defendants, who had since received from the proceeds of the mortgages a larger amount of money than the amount of this note and that

the mortgages were held in trust by Fisher, and by the defendants as his assignees, to secure the payment thereof.

The defendants demurred to the bill, as not making out a case which entitled the plaintiffs to relief in a court of equity, or showing that the defendants held the mortgages in trust for the plaintiffs, or that the plaintiffs were entitled to have the mortgages enforced and applied towards the payment of said note.

*D. Foster & G. W. Baldwin,* for the defendants.

*W. F. Slocum,* for the plaintiffs. The agreement between Wadsworth and Fisher was a substitution of the note for $600 for a portion of the original notes, and did not operate as a discharge of the mortgages *pro tanto. Pomroy* v. *Rice,* 16 Pick. 22. *Watkins* v. *Hill,* 8 Pick. 522. *Davis* v. *Maynard,* 9 Mass. 242. *Judd* v. *Flint,* 4 Gray, 557. Nor did the assignment of the note to the plaintiffs operate as such a discharge. But the mortgagee held the mortgages as trustee for the holder of the note. *Crane* v. *March,* 4 Pick. 131. *Eastman* v. *Foster,* 8 Met. 19. *Moore* v. *Ware,* 38 Maine, 496. *Page* v. *Pierce,* 6 Foster, 317. *Keyes* v. *Wood,* 21 Verm. 331. *Belding* v. *Manly,* 21 Verm. 530. *Pattison* v. *Hull,* 9 Cow. 747. *Phillips* v. *Thompson,* 2 Johns. Ch. 418. *Evertson* v. *Booth,* 19 Johns. 486. *Kip* v. *Bank of New York,* 10 Johns. 63. *Donley* v. *Hays,* 17 S. & R. 400. 2 Story on Eq. § 1016. 4 Kent Com. (6th ed.) 193, 194. *St.* 1857, *c.* 214.

THOMAS, J. The note of $600 indorsed to the plaintiffs was not one of the notes secured by the mortgages. It was not given in renewal or consolidation of the mortgage notes or any of them. Wadsworth gave the note and agreed to pay it at maturity. If he paid it, the payment was to be considered a payment *pro tanto* in discharge of the mortgages. If he did not pay it, the mortgages were to remain as before. The giving of the note, under such an agreement, did not change the relation of the parties under the mortgages. It gave to Fisher, the mortgagee, no new right in or power over the estates mortgaged. No new pledge was given or lien created. Such, in substance and effect, seems to us the agreement of Fisher and Wadsworth.

It was as if Fisher had said, " Give me your note for $600 ; if paid, I will indorse it on the mortgages ; if not, the mortgages are to stand as they are."

If Fisher had not gone into insolvency, and had paid the note, the payment would have given him no power over the mortgages, that did not exist before the note was given. If the mortgage notes had in the mean time been paid, he could not have held the mortgages as security for the $600.

If such be the legal effect of the contract, we do not see that any trust was created by the agreement between Fisher and Wadsworth, or that any pledge was made to him, or lien cre‑ ated on the mortgages, to which the bank can be substituted.

*Demurrer sustained and bill dismissed.*